MILLER, Judge.
At about 11 a. m. on February 3, 1971 plaintiff’s daughter Cheryl Ann Williamson was beaten by defendant’s daughter Kathy Jo Chappell in the girls rest room of Bayou Chicot High School. Both girls were 14 or 15 years of age. The trial court dismissed plaintiff’s claim for damages finding mutual provocation in that “thé Williamson girl was involved in another fight a few days before. The witnesses testified that she was looking for trouble.” We reverse.
Cheryl Ann testified that without provocation on her part, she was attacked by *149 Kathy Jo from behind; that Kathy Jo hit Cheryl Ann’s head on a pipe repeatedly, kicked her in the stomach several times, knocked her to the floor and beat her head on the concrete floor several times. Cheryl Ann did not strike Kathy Jo.' Kathy Jo did not testify and no evidence was submitted to suggest that Cheryl Ann did or said anything on February 3rd to cause or justify the attack.
Defense counsel established that there were hard feelings between the Williamson and Chappell families and between the Williamson and Fontenot families. The Fontenot and Chappell families are related. It was also established that Cheryl Ann had been involved in “fights” before.
There were exchanges of derogatory remarks between Cheryl Ann and Cynthia Gail Fontenot (also about 15 years of age) sometime in January of 1971. At about 1 p. m. on February 2, 1971 Cheryl Ann slapped or beat (depending on which version is accepted) Cynthia Gail and this incident occurred in the same girls rest room which was the scene of the February 3rd incident. There is no suggestion in the record that Cheryl Ann made derogatory remarks to Kathy Jo or that Kathy Jo witnessed the February 2nd incident.
Defendant relies on Lamartiniere v. Gourney, 139 So.2d 808 at 810 (La.App. 3 Cir. 1962) and the rule therein quoted:
“The rule is well settled in Louisiana that a plaintiff can recover civil damages in an action for assault and battery committed without legal excuse unless he provoked the difficulty by conduct calculated to arouse the resentment or fears of the defendant. However, the courts have found sufficient fault on the part of plaintiff to bar his recovery where he struck or attempted to strike the first blow.”
That case and others cited by defendant are distinguished for the reason that there is no evidence which would suggest that Cheryl Ann did or said anything to Kathy Jo to provoke the difficulty.
Since Kathy Jo failed to testify, we cannot determine her motives for what appears to be a brutal and unprovoked assault on Cheryl Ann. Defendant argues that the attack was provoked by remarks made by Cheryl Ann to Cynthia Gail concerning relatives common to Cynthia Gail and Kathy Jo. We entertain doubt as to whether the substance of the remarks made by Cheryl Ann were sufficient to reasonably invoke a physical response on the part of anyone. However, we do not reach this consideration as it is evident from the record that the remarks made by Cheryl Ann were not made to Kathy Jo but to Kathy Jo’s cousin. Furthermore, the remarks were made several days before the February 3rd incident. Also, taking into account this lapse of time, even had the remarks been made to Kathy Jo and even had they been of a nature to invoke physical retaliation, Kathy Jo would not have been justified in perpetrating her assault several days after the utterance of these remarks. The applicable rule is set forth in Baughman v. Wells, 171 So.2d 759 at 762 (La.App. 2 Cir. 1965):
“ * * * while abusive, insulting, or defamatory remarks applied by a plaintiff to a defendant may be shown in a civil action as a provocation for assault and battery, this may be done only if the derogatory remarks were such as to justify the conclusion that it should have been anticipated that physical retaliation would be attempted and be looked upon as the certain forerunner of a violent physical encounter. Thus, it must appear that the derogatory remarks were of such recent occurrence and so connected with the assault as to warrant an inference that the assault was committed under the influence of the passion produced by the statements. However, it is too late to interpose a defense of provocation after time for reflection has passed.”
*150 It is also contended that Kathy Jo was sufficiently aroused by Cheryl Ann’s February 2nd attack on Cynthia Gail to justify the attack. We disagree. We do not find jurisprudential justification for the application of such a rule of vicarious provocation. Such a rule would be contraindicated where the relationship is the somewhat attenuated one of cousins and the alleged responsive attack did not take place for some 22 hours after the alleged unwitnessed provocation.
Lastly defendant contends that Cheryl Ann was a trouble maker by reputation and is therefore before the court with “unclean hands.” However, even a trouble maker has the right to be left alone and free from an unprovoked attack. Caspar v. Prosdame, 46 La.Ann. 36, 14 So. 317 (1894); Smith v. Freeman, 31 So.2d 524 (La.App. 2 Cir. 1947).
DAMAGES
Plaintiff waited 12 days before seeing a physician. No marks were found by the attending physician, but because of plaintiff’s complaints of headaches, difficulty with vision and nervousness, he referred her to Dr. Davidson H. Texada, Jr., neuropsychiatrist of Alexandria. Dr. Tex-ada found no objective symptoms but diagnosed a severe neurosis consisting of an overpowering fear of Kathy Jo. This anxiety and terror necessitated removal of plaintiff from school in March 1971 and her subsequent instruction by a tutor for the remainder of the school year. She was treated with powerful tranquilizers. She was vastly improved on her last visit in September 1971 and was enrolled in a new school.
Dr. Texada related Cheryl Ann’s difficulty to the February 3rd incident, but was not aware of the February 2nd incident when Cheryl Ann attacked Cynthia Gail. He agreed with defense counsel’s suggestion that some of Cheryl Ann’s anxiety could be from fear of reprisal because of the February 2nd incident and that could have compounded her depression from the February 3rd incident. Nevertheless, Dr. Texada concluded that the primary cause of Cheryl Ann’s illness was the February 3rd beating.
In computing damages, we do not consider the alleged provocations by Cheryl Ann to mitigate the award. We do consider the probability that Cheryl Ann’s illness was compounded by her own guilt and anxiety flowing from the February 2nd incident.
An award of $500 for pain and suffering appears adequate. Medical expenses were $250 and that sum is allowed for past medical bills. Since Dr. Texada believes that the treatment has run its course, future medical expense is denied. The physicians testified by deposition given in their respective offices. Their fee for testifying is set at $50 each.
The trial court judgment is reversed. Riley A. Williamson is awarded judgment against Leroy Chappell in the sum of $750 together with legal interest from judicial demand. All court costs at trial and on appeal are assessed to defendant Leroy Chappell.
Reversed and rendered.
FRUGÉ, J., respectfully dissents. The Trial Court is correct.