902 So.2d 1276 (2005)
Jackie MORRIS, Plaintiff-Appellant
v.
The UNION PARISH POLICE JURY and Sheriff Bob Buckley, In His Capacity as Sheriff of Union Parish, Louisiana, Defendant-Appellees.
No. 39,709-CA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1277 Guerriero & Guerriero, by Joe D. Guerriero, Monroe, for Appellant.
Gold, Weems, Bruser, Sues & Rundell, APLC, by Brandon A. Sues, Alexandria, for Appellees.
Before BROWN, GASKINS and LOLLEY, JJ.
LOLLEY, J.
Jackie Morris appeals the judgment by the Third Judicial District Court, Parish of Union, State of Louisiana granting the motion for summary judgment in favor of the Union Parish Police Jury and the Union Parish Detention Center Commission. For the following reasons, the judgment of the trial court is hereby affirmed.

FACTS
Commencing in January 2003, Jackie Morris was an inmate at the Union Parish Detention Center as a result of his conviction for carnal knowledge of a juvenile. On the evening of March 30, 2003, another inmate, Cleotis Walker, struck Morris in the face with his fist. Walker had taken a prison-issued combination lock, placed a finger through the lock's hasp, and wrapped his fist around the remainder of the lock to create an improvised weapon. As a result, Morris sustained a broken jaw.
On September 10, 2003, Morris filed a petition for damages naming as defendants the Union Parish Police Jury (the "Police Jury") and the Sheriff of Union Parish, Bob Buckley.[1] In his petition, Morris alleged that the March 2003 incident was the second time he had been the victim of an attack by Walker but that the prison authorities had failed to separate him from Walker. Morris also alleges that the defendants *1278 were negligent in issuing the combination locks. Morris subsequently filed a supplemental petition naming the Union Parish Detention Center Commission (the "Detention Center") as an additional defendant.
The Police Jury and the Detention Center (collectively, "appellees") filed a motion for summary judgment seeking dismissal of Morris' claims against them. They argued that there was a lack of evidence to support the assertion that defendants had any reason to anticipate Walker's attack on Morris. The Police Jury also argued that because the Detention Center had statutorily-provided exclusive jurisdiction and control over the prison, the Police Jury owed no legal duty to Morris.
After a hearing on the motion, the trial court rendered summary judgment in favor of the Police Jury on the basis that it owed no duty to Morris in regards to his safety as an inmate at the detention center and in favor of the Detention Center on the basis that no genuine issue of fact existed which precluded a finding that it was negligent. After entry of the judgment, this appeal by Morris ensued.

DISCUSSION
On appeal, Morris argues that the trial court erred in concluding that the appellees neither knew nor should have known that providing a combination lock to an inmate was substantially certain to result in the lock being used as a dangerous weapon. Further, Morris argues that the granting of appellees' motion for summary judgment was in error. We disagree.
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Brown v. International Paper Co., 38,892 (La.App. 2d Cir.09/22/04), 882 So.2d 1228. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before that court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966(C)(2); Jones v. Estate of Santiago, XXXX-XXXX (La.04/14/04), 870 So.2d 1002. Appellate review of the grant or denial of summary judgment is de novo. Id.
A penal institution is not the insurer of the safety of an inmate against attack by another inmate. The test in such cases is that of ordinary or reasonable care. Penal authorities are not liable for injuries inflicted upon an inmate by a fellow inmate unless the authorities know or have reason to anticipate that harm will ensue and fail to take reasonable care to prevent the harm from occurring. Parker v. State, 282 So.2d 483 (La.1973), cert. denied, 414 U.S. 1093, 94 S.Ct. 724, 38 L.Ed.2d 550 (1973).
As stated in Parker, the test of whether penal authorities have violated their legal duty regarding prisoner welfare is one of ordinary or reasonable care. Thus, in the instant case, the question is *1279 whether the plaintiff has shown that a genuine issue exists regarding the prison authorities knowing or having reason to anticipate that the combination locks distributed to inmates were likely to cause the complained of harm.
In support of their motion for summary judgment, the appellees submitted the affidavits of Captain Richard Brazel, a Detention Center employee since 1991, and Dan Morgan, the secretary-treasurer of the Police Jury. Brazel, whose duties include reviewing "unusual occurrence reports" including all incidents between inmates, stated in his affidavit that he was not aware of, nor was there any record of, any incident between Walker and Morris prior to March 30, 2003. Likewise, Morgan's affidavit attests that the Police Jury records do not contain any evidence of an incident between Walker and Morris prior to March 30, 2003. Finally, movers submitted excerpts of Morris' deposition testimony in which he admits that he had no physical altercation with Walker prior to March 30, 2003.
In his opposition to the motion, Morris did not dispute the Police Jury's and the Detention Center's assertion that they had no reason to anticipate the attack by Walker on Morris. Instead, Morris argued that their liability arises out of the fact that they armed Walker with a dangerous weapon when they sold him the combination lock.[2] The Police Jury and the Detention Center responded by filing a supplemental affidavit from Brazel attesting to the fact that the locks have been sold to inmates since 1995 for the purpose of protecting their personal items from theft. Brazel also stated to his lack of knowledge of any incidents between inmates involving the use of one of these locks prior to the incident in question.
Certainly, prior use of prison-issued materials in inmate attacks could put prison authorities on notice that a certain harm is likely to follow from the continued distribution of the material. Also, prison-issued material could be so inherently dangerous that the prison authorities could be presumed to have known that a certain harm was likely to occur. See, Hampton v. State, Through Dept. of Corrections, 361 So.2d 257, 259 (La.App. 1st Cir.1978). However, neither is the case here.
So considering, we conclude that the record does not evidence any genuine issue of material fact which precludes a determination that any such breach of the appellees' duty occurred in the distribution of combination locks at the detention center. The record is devoid of any evidence that the combination locks had ever been used as a weapon by any inmates at the prison. While prison authorities should be cognizant of prisoner creativity in converting ordinarily benign items into dangerous weapons, this does not mean that they should deprive inmates of all products which could conceivably be so misused. The offensive quality of the combination lock is presumably that it is hard and solid and, therefore, capable of inflicting injury if misused. While it is undeniable that anyone can envision the harmful quality of such an object, the mere solidity or hardness of an object does not suffice as evidence of its inherent danger. If it did, prison authorities would be subject to an overly burdensome standard in ensuring the welfare of inmates. Accordingly, we conclude that Morris failed to show that he would be able to satisfy his evidentiary burden of proving at trial that the defendants *1280 should have anticipated the attack by Walker or that they were negligent in issuing the combination locks with which Walker attacked Morris.

CONCLUSION
For the foregoing reasons, we hereby affirm the summary judgment rendered in favor of the Union Parish Police Jury and Union Parish Detention Center Commission. Costs of this appeal are to be borne by Jackie Morris.
AFFIRMED.
NOTES
[1] Buckley was subsequently dismissed from the lawsuit pursuant to a consent judgment dated February 13, 2004.
[2] While Morris presented no evidence that the lock was supplied by the Detention Center, that fact does not appear to be in dispute.