MOORE, J.
|,The State of Louisiana Department of Transportation and Development (“DOTD”) appeals a summary judgment that dismissed its property damage claim against Michael Cecil. We affirm.

Procedural Background

According to DOTD’s petition, Ashley Cecil was driving her father’s Dodge Du-rango on Hwy. 171 when she “lost control of the vehicle, hitting the guardrails alongside both the northbound and southbound travel lanes near the bridge” at milepost 166.5. Seeking unspecified damages, DOTD sued Michael Cecil, individually and as Ashley’s natural tutor, and State Farm, his auto insurer.
*133 Cecil answered, denying that Ashley was at fault and asserting third party fault: the “unknown driver of a dark vehicle * * * pull[ed] into the lane of traffic of the Cecil vehicle.” Cecil did not, however, file a third party claim against the phantom driver or reconvene against State Farm as his UM carrier.
Ten months later, Cecil then filed the instant motion for summary judgment, again asserting the fault of the phantom driver. He attached Ashley’s affidavit in which she described being tailgated by an aggressive driver who tried to pass her but clipped the front driver’s side of her truck. She concluded:
Prior to being struck by the unidentified dark colored vehicle, affiant was operating her vehicle in a safe and prudent manner obeying all traffic laws. Affiant did not lose control of her vehicle or cause her vehicle to come in contact with any portion of the bridge or guard rail until after affiant’s vehicle was struck by the unidentified dark colored vehicle which fled the scene. Affiant lost control of her vehicle only because. the unidentified dark colored vehicle made contact with affidavit’s | ¿vehicle and forced it off the roadway into the bridge.
DOTD opposed the motion, arguing that Ashley’s affidavit merely contradicted the allegation of the petition but contained “no independent corroboration of the assertions therein,” and those only created a genuine issue of material fact. In support, DOTD cited Snowden v. Voyager Indem. Ins. Co., 2001-0359 (La.App. 1 Cir. 5/24/02), 825 So.2d 1223, writ denied, 2002-1701 (La.10/4/02), 826 So.2d 1127, for the principle that a “person who is dependent, partially or wholly, upon one who stands to recover cannot be an independent and disinterested witness.” In short, Ashley’s uncorroborated statement was not competent summary judgment evidence. However, DOTD filed no summary judgment evidence of it own to contradict Ashley. It concluded that Cecil was trying to accomplish, through the improper means of summary judgment, what it should, have properly raised by incidental actions.
Cecil replied that this was &• straightforward application of La. C.C.P. art. 967 B: he made and supported his motion for summary judgment, and DOTD could not rest on the mere allegations of its petition. He argued that Snowden was inapplicable because it was an uninsured motorist (“UM”) claim subject to a special statute, the predecessor of La. R.S. 22:680(1)(d)(i), requiring an injured person to produce an “independent and disinterested witness” before he can recover a UM claim on the basis of a “miss and run” accident. In the absence of a special statute, Cecil argued that the uncontradicted, uncorroborated ex parte affidavit of the defendant is competent to make a prima facie showing for summary judgment. Roach v. Liberty Mutual Ins. Co., 279 So.2d 775 (La.App. 1 Cir.), writ denied, 281 So.2d 756 (1973). Finally, he urged that . DOTD had sufficient time for discovery but filed nothing to contradict Ashley’s affidavit. Howard v. Callahan, 396 So.2d 607 (La.App. 1 Cir.), writ denied, 406 So.2d 625 (1981).
' After a brief hearing limited-to argument, the district ■ court issued a written ruling that summary judgment was proper: “The State is unable to contradict the affidavit of the defendants that an unknown dark vehicle struck the defendant driver’s vehicle thereby causing the defendant’s vehicle to strike the guardrail causing the damages to the guardrail.” The court cited Roach v. Liberty Mutual, supra. DOTD has appealed.

General Principles

The motion for summary judgment is a procedural device to avoid a full-scale trial *134 when there is no genuine issue of material fact. Duncan v. USAA Ins. Co., 2006-363 (La.11/29/06), 950 So.2d 544; Morris v. Union Parish Police Jury, 39,709 (La.App. 2 Cir. 5/11/05), 902 So.2d 1276. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Duncan v. USAA Ins. Co., supra. The motion should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
14Supporting and opposing affidavits “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” La. C.C.P. art. 967 A. Personal knowledge means something the witness áctually saw or heard, as distinguished from what he learned from some other person or source. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Jones v. Foster, 41,619 (La.App. 2 Cir. 12/13/06), 945 So.2d 262. In ruling on a motion for summary judgment, the court must generally accept an affiant’s testimony or affidavit as true. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764. The court may reject such evidence only when the mover’s testimony absolving himself of liability “contains substantive contradictions or discrepancies that would ordinarily tend to call his credibility into doubt if presented to a fact-finder.” Id., at p. 6, 876 So.2d at 769.
The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiffs claim. The' burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606. If the plaintiff then fails to produce such evidence, then summary judgment is proper. King v. Phelps Dunbar LLP, 98-1805 (La.6/4/99), 743 So.2d 181.
| ¡Appellate review of the grant or denial of a summary judgment is de novo. Jones v. Estate of Santiago, 2003-1424 (La.4/14/04), 870 So.2d 1002.
The court is required to determine the fault of all persons causing or contributing to injury, death or loss, regardless of whether the person is a party to the action or a nonparty. La. C.C. art. 2323 A; Foley v. Entergy La. Inc., 2006-0983 (La.11/29/06), 946 So.2d 144. The person alleging the fault of a nonparty must prove it by a preponderance of the evidence. Woodbury v. State, 03-13 (La. App. 5 Cir. 5/28/03), 848 So.2d 104, writs denied, 2003-1830, 1832 (La.10/31/03), 857 So.2d 477, 478. The conduct of a phantom driver may be such that he or she is entirely responsible for the plaintiffs loss. Ward Chevrolet Olds Inc. v. State Farm, 37, 119 (La.App. 2 Cir. 4/9/03), 843 So.2d 601.

Discussion

By its first assignment of error, DOTD urges that Ashley’s affidavit was not sufficient, competent evidence to support the motion for summary judgment, but rather the uncorroborated, self-serving statement of a party in interest. It characterizes her affidavit as a “verified *135 answer” which merely “recites and embellishes the allegations contained in defendants’ answer but with the imprimatur of a party’s sworn testimony.” It reiterates that Snowden v. Voyager Indem., supra, disallowed the affidavit of the plaintiffs reconstruction expert because the expert was not an independent and disinterested witness. It also urges that Roach v. Liberty Mutual, relied on by the district court, is factually inapposite as there the injured party | ¿witnessed the accident and identified the vehicle that caused the injury; it interprets Roach as holding that a party cannot rest solely on the allegations of his petition, but must file countervailing affidavits or give stated reasons why he could not present facts by affidavit. It submits that it cannot prove a negative by affidavit, and that genuine issues remain, such as whether there was contact, where on the highway the first contact occurred, and whether Ashley initiated the contact.
Upon close examination of the record, we find that Ashley’s affidavit satisfies all the criteria of La. C.C.P. art. 967 A in that it is based on the personal knowledge of a competent witness and advances facts that would be admissible at trial. Further, it contains no substantive discrepancies or inconsistencies which would require a fact finder to discredit it. Hines v. Garrett, supra. In short, this is proper summary judgment evidence.
Contrary to DOTD’s contention, Snowden v. Voyager Indem. Co. does not require Ashley’s affidavit to be corroborated by an independent and disinterested witness. As shown by Cecil in the district court, Snowden (like many other reported cases) was a claim against a UM carrier for damages in which no physical contact occurred between the covered vehicle and an uninsured vehicle. In such a situation, often called a “miss and run” claim, a special statute, La. R.S. 22:680(1)(d)(i), requires the injured party to show, “by an independent and disinterested witness, that the injury was the result of the actions of another vehicle whose identity is unknown or who is uninsured or underin-sured.” The instant case obviously is not a UM claim and we are aware of no special statute that would require Cecil to ^corroborate his daughter’s affidavit. On de novo review we therefore must treat the affidavit as true.
By its second assignment of error, DOTD urges the court erred in requiring it to contradict Ashley’s affidavit. The bulk of the argument merely reiterates the claim that Ashley was not an independent and disinterested witness, a contention we will not revisit.
DOTD further contends that inadequate time had elapsed for discovery. Citing La. C.C.P. art. 561, which sets the three-year limit for abandonment of actions, DOTD submits there is no equivalent time frame for summary judgment discovery; it suggests that Cecil should have offered more evidence to support the phantom driver defense.
At the hearing, DOTD conceded that over two years had elapsed since the accident, but it did not seek additional time for discovery. Counsel conceded the claim was small (roughly $2,500), but offered no explanation for its failure to file anything. Contradictory evidence could have included a certified copy of the police report, or interrogatories to- or a deposition of Ashley, which might have challenged her affidavit. We are unpersuaded by DOTD’s position no evidence of any kind could be adduced to “prove a negative.”
Ashley’s affidavit established that she was obeying all traffic laws when an aggressive phantom driver ran her off the road — facts that would absolve her of liability for damaging the guardrails. This shifted the burden to DOTD to present *136 evidence demonstrating a genuine issue of material fact. DOTD presented nothing, choosing instead to rest on the mere [¡^allegations of its petition and an inappo-site UM statute. On this record, summary-judgment is proper in favor of Cecil. The judgment is affirmed.

Conclusion

For the reasons expressed, the summary judgment in favor of Michael Cecil is affirmed. Pursuant to La. R.S. 13:5112, appellate costs of $119.50 and district court costs of $770.76 are to be paid by the State of Louisiana Department of Transportation and Development.
AFFIRMED.