*857 GASKINS, J.
|,The defendant, Forrest Young, appeals from a trial court decision granting partial summary judgment as to liability in favor of the plaintiff, Brandon Shane Griffith. According to the allegations in the record, Young physically attacked Griffith because of Griffith’s nonconsensual sexual contact with Young’s wife and his display of nude photos of her to others. We affirm.
FACTS
In June 2009, Griffith filed a petition for damages against Young, alleging that Young battered him at his residence on May 6, 2009, “without any provocation whatsoever.” As a result of the attack, Griffith asserted that he sustained multiple injuries. Young responded with a general denial in which he asserted provocation and justification for his conduct against Griffith.
In March 2010, Griffith filed a motion for summary judgment. He asserted that on February 22, 2010, Young pled guilty to two counts of second degree battery. He argued that the guilty pleas are a judicial admission that Young committed two intentional torts, resolving the issue of liability and leaving only the issue of damages.
In support of his motion, Griffith submitted the following exhibits: the guilty plea transcript; the court minutes in the criminal case against Young; the bill of information against Young; requests for admissions of fact to Young and his responses; and an affidavit by Griffith. In the responses to admissions of fact, Young admitted using a knuckle stun gun on Griffith. However, he did not admit being the initial aggressor in the 12confrontation; instead he stated that when he drove to Griffith’s premises, he “was provoked into doing so because of Plaintiff actions against my wife [sic].” He denied all of the following assertions: that Griffith told him to leave the premises; that Griffith walked in his house, shut the door and locked it to try to keep him out; that he kicked in the door; or that he made a statement to the effect of “I have been waiting two years for this.” In his own affidavit, Griffith stated that Young drove up to his house and exited his vehicle armed with a stun gun. He further stated that after he retreated into his house to avoid any altercation, Young forcefully entered the premises without permission. Once inside, according to Griffith, Young physically attacked him and repeatedly used the stun gun on him without his consent.
Young filed an opposition to the motion for summary judgment in which he cited Landry v. Bellanger, 2002-1443 (La.5/20/03), 851 So.2d 943. In that case, the Louisiana Supreme Court ruled that the aggressor doctrine no longer had a place in Louisiana tort law. In support of his opposition, Young submitted an affidavit in which he stated that he was provoked by Griffith, who had “intentionally engaged in unwanted and nonconsensual sexual relations” with Young’s wife while she was in “an unconscious or semi conscious state and unable to give consent.” He further stated that Griffith boasted of his “intentional sexual conduct” and showed naked photos of Young’s wife to others. An affidavit by Young’s wife was also filed in which she asserted that Griffith “intentionally engaged in unwanted and nonconsensual sexual contact” with her in |.^September 2007; that she did not consent to any nude or semi-nude photos taken of her by Griffith; and that Griffith intentionally boasted to others of his unwanted and nonconsensual sexual contact with her.
A hearing was held on June 29, 2010. Following argument by counsel, the trial court granted partial summary judgment *858 in favor of Griffith. In so ruling, the trial court found that the Landry case, which involved self-defense in a bar fight, was distinguishable from the instant matter. Judgment was signed on August 3, 2010.
Young appeals.
LAW

Summary Judgment

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Palmer v. Martinez, 45,318 (La.App.2d Cir.7/21/10), 42 So.3d 1147, writs denied, 2010-1952, 2010-1953, 2010-1955 (La.11/5/10), 50 So.3d 804, 805. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. In re Clement, 45,454 (La.App.2d Cir.8/11/10), 46 So.3d 804. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to | ¿material fact, and that [the] mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B); Palmer v. Martinez, supra.
On the motion for summary judgment, the burden of proof is on the movant. La. C.C.P. art. 966. When the movant, however, will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, he is not required to negate all the essential elements of the adverse party’s claim, action or defense. Rather, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Swillie v. St. Francis Medical Center, 45,543 (La.App.2d Cir.9/22/10), 48 So.3d 317.
Supporting and opposing affidavits “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” La. C.C.P. art. 967(A). Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. State, Department of Transportation and Development v. Cecil, 42,433 (La.App.2d Cir.9/19/07), 966 So.2d 131, unit denied, 2007-2063 (La.12/14/07), 970 So.2d 536. In ruling on a motion for summary judgment, the court must generally accept an affi-ant’s testimony or affidavit as true. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764; State, Department of Transportation and Development v. Cecil, supra.
The trial court cannot make credibility determinations on a motion for summary judgment. It is not the function of the trial court on a motion for |ssummary judgment to determine or even inquire into the merits of the issues raised. Row v. Pierremont Plaza, L.L.C., 35,796 (La.App.2d Cir.4/3/02), 814 So.2d 124, writ denied, 2002-1262 (La.8/30/02), 823 So.2d 952; Smith v. Lynn, 32,093 (La.App.2d Cir.8/18/99), 749 So.2d 692. Additionally, the weighing of conflicting evidence has no place in summary judgment procedure. Row v. Pierremont Plaza, L.L.C., supra.
While a guilty plea is an admission against interest that is relevant and admissible to proving fault in a civil case, it is not conclusive evidence. Harris v. Dunn, 45,619 (La.App.2d Cir.9/22/10), 48 So.3d 367; Miles v. Louisiana Landscape Specialty, Inc., 97-118 (La.App. 5th Cir.6/30/97), 697 So.2d 348.

*859
Liability

Under La. C.C. art. 2315, a person is liable for acts which cause damage to another. The intentional tort of battery is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact. Touchet v. Hampton, 2008-833 (La.App. 3d Cir.12/11/08), 1 So.3d 729, writ denied, 2009-0076 (La.3/27/09), 5 So.3d 141.
La. C.C. art. 2323 provides:
A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person’s insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person’s identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall |fibe reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tort-feasor, his claim for recovery of damages shall not be reduced.
In a suit for damages resulting from an intentional tort, the claimant must carry the burden of proving all prima facie elements of the tort, including lack of consent to the invasive conduct. In turn, the defendant could seek to prove that he was without fault because his actions were privileged or justified, such as self-defense. Landry v. Bellanger, supra; Williams v. Moore, 45,299 (La.App.2d Cir.5/19/10), 36 So.3d 1214.
The Landry court further stated, 851 So.2d at 955:
Absent a qualifying privilege, any provocative or aggressive conduct on the part of the plaintiff should be incorporated into the allocation of fault by the trier of fact. However, simply because the trier of fact must consider the fault of both plaintiff and defendant, does not mean that an aggressive plaintiff can avoid responsibility for his conduct. In fact, nothing prevents a trier of fact from determining that the plaintiffs conduct was of such a provocative nature as to render it the sole cause of his injury. Thus, we must consider [the plaintiffs] conduct to determine whether [the defendant] was acting in self-defense, such that his conduct was justified or privileged and precludes recovery by [the plaintiff], or whether self-defense is unavailable as a complete defense, such that [the plaintiff] and [the defendant’s] relative fault must be compared.
[[Image here]]
The aggressor doctrine has traditionally precluded tort recovery where a plaintiffs own actions, though not necessary physical, were sufficient to provoke a physical retaliation. However, we find that the aggressor doctrine is inconsistent with Louisiana’s pure comparative fault regime. Thus, pursuant to the rules imposed by [La. C.C.] |7Article 2323, comparative fault principles should *860 be applied to such a plaintiffs actions, thereby eliminating the inequities inherent in the “all or nothing” recovery rules that prevailed prior to the adoption of comparative fault. A comparison of fault is required in spite of Section C of Article 2323, which only prohibits a reduction of the plaintiffs recovery of damages for an injury partly the result of the fault of an intentional tortfeasor and partly the result of his own negligence.
In Louisiana jurisprudence, provocation as an affirmative defense or justification for a tortious attack is often discussed in the context of the former aggressor doctrine. Under the aggressor doctrine, a party could not recover tort damage for a battery committed on his person if the evidence established that his actions immediately before the altercation constituted a provocation sufficient to justify the defendant’s conduct. Squyres v. Phillips, 285 So.2d 337 (La.App. 3d Cir.1973). An attack was not justified if there was “vicarious” provocation directed toward a third party and there was a passage of time since the provocation. Williamson v. Chappell, 262 So.2d 148 (La.App. 3d Cir. 1972).
Self-defense, unlike the aggressor doctrine, is a true defense in that it operates as a privilege to committing the intentional tort. In such a case, a plaintiffs conduct must have gone beyond mere provocation under the aggressor doctrine. Under Louisiana jurisprudence, in order to succeed on a claim of self-defense (not involving deadly force), there must be an actual or reasonably apparent threat to the claimant’s safety and the force employed cannot be excessive in degree or kind. Landry v. Bellanger, supra; Williams v. Moore, supra.
| ¡ARGUMENTS
Young argues in brief that while Griffith’s nonconsensual sexual relations with his wife occurred shortly before their marriage, he only learned of the incident just before his May 6, 2009, attack on Griffith. He claims that under the facts presented in the pleadings, the issue of provocation was raised and that the evidence submitted by the plaintiff in support of his motion for summary judgment failed to negate that defense. He further reasons that the defense of provocation involves an allocation of fault and the element of the defendant’s state of mind, thus making summary judgment inappropriate. He contends that, while his guilty plea is an admission against interest, it is not conclusive evidence.
Griffith asserts that even if all of the defendant’s allegations are accepted as true, the conduct alleged against the plaintiff was actually directed toward a third party, who was not shown to be the defendant’s wife at the time of the alleged misconduct; thus, Griffith contends that provocation is not applicable as a defense. He also claims that Young failed to file any countervailing affidavit that refuted Griffith’s assertions that Young entered his house and battered him without permission. Additionally, Griffith argues that the affidavits submitted by the defendant were deficient-Young’s because he failed to allege personal knowledge of the asserted incidents or when they occurred, and Young’s wife because she failed to allege when she married Young or when Griffith boasted about the alleged sexual misconduct.
IaDISCUSSION
In the plaintiffs petition, he asserted that the defendant’s attack was unprovoked. The affidavits submitted for and against summary judgment set forth the *861 following: Griffith engaged in “unwanted and nonconsensual sexual contact” with Young’s wife in 2007 (Mrs. Young’s affidavit); Griffith took nude or semi-nude photos of Mrs. Young without her consent (Young’s affidavit and Mrs. Young’s affidavit); Griffith boasted of these activities (Young’s affidavit and Mrs. Young’s affidavit); Young attacked Griffith with a stun gun in 2009 (Griffith’s affidavit and Young’s responses to requests for admission); Young’s attack on Griffith was provoked by Griffith’s actions toward Mrs. Young (Young’s affidavit). In their briefs, the parties argue additional facts, such as the Youngs not being married at the time of the alleged sexual assault and Young learning of the incident shortly before attacking Griffith.
While the plaintiffs alleged actions against Mrs. Young — a third party to the altercation — are grossly offensive, the evidence submitted on summary judgment indicates that they occurred about 20 months before her husband’s attack against the plaintiff. Also, there is no allegation in the affidavits opposing summary judgment to indicate when Young learned of the incident. We believe that the sort of “provocation” which is intended as a privilege or justification for the defendant’s actions is of a more immediate nature involving the possibility of physical harm. Here, neither self-defense nor defense of another would be a viable defense because there was no immediate threat of harm from the plaintiff. Thus, the alleged | ^provocation is legally insufficient as a justification for Young’s attack on Griffith. See Landry v. Bellanger, supra, which involved a clash that developed in a bar and ended up in the parking lot. Also, see and compare Williams v. Moore, supra, wherein a bar fight apparently erupted minutes after the defendant inappropriately touched the plaintiffs fiancée; in that case, the court found the actors in the altercation equally at fault for the choices they made “during the heat of the moment.” Like the trial court, we are compelled to find that the defendant was solely at fault in the instant situation. Therefore, we affirm.[1]
CONCLUSION
The trial court decision granting partial summary judgment in favor of the plaintiff is affirmed. Costs of this appeal are assessed to the appellant/defendant.
AFFIRMED.

. In the damages portion of the trial, the defendant can explain the circumstances that led to this incident.