CHASEZ, Judge.
This suit arises out of the sale of the M/V “Carol Dean,” a river towb,oat by plaintiff to defendant herein. The bill of' sale conveyed the “Carol Dean” to the-American Marine Corporation “ * * * together with an equal interest in the mast,, bowsprit, sails, boats, anchors, cables, tackle, furniture, and all other necessaries, thereunto appertaining and belonging;
The plaintiff alleges that, at the time of the sale and delivery, there was certain equipment, merchandise and material stored aboard the vessel but not included in the-sale, which was to be returned to him upon completion of the sale, having a total value of $6,121.41; furthsr that said equipment, merchandise and material were not any part of the engines, tackle, anchors, cables, furniture or other necessaries, thereunto appertaining and belonging.
Defendant denied the essential allegations of the plaintiff and further alleged that the items in issue were included in the-sale. Defendant subsequent to his answer-filed a motion for summary judgment contending that plaintiff had admitted that 18-of the 22 items claimed in his petition were “necessaries” within the terms of the bill of sale from plaintiff to defendant; that 2 of the items claimed were not on the vessel; and that there were no genuine issues of material fact relative to those items. In support thereof defendant filed an affidavit of Leslie B. Durant, President of American Marine Corporation, which represented that there were no oral agreements to vary the contract of sale; that two items claimed, grocery supplies and a propeller, were not on board the vessel at the time of the sale and that 18 other items were necessary for the operation and maintenance of the vessel “Carol Dean”. Also filed in support thereof was the deposition of the plaintiff. The motion was properly set and heard. The plaintiff presented only ■ oral argument in opposition to the motion. Plaintiff did not file counteraffidavits or-memoranda. The trial judge granted the-motion for summary judgment on 18 items.. Plaintiff appeals from this judgment.
*574 Plaintiff contends that the judge was in •error in granting a partial summary judgment and that on the merits the defendant failed to meet the burden of proof needed to sustain a motion for summary judgment.
We are of the opinion that the Court a qua properly granted the summary judgment in this case. LSA-C.C.P. art. '966 states, in part, that the plaintiff or defendant “ * * * may move for a summary judgment in his favor for all or part •of the relief for which he has prayed.” By the very terms of this article a partial summary judgment is proper. Plaintiff cites the case of Beckham v. Hartford Accident and Indemnity Company, 137 So.2d 99, (La.App.1962), in support of his position. In that case the Court had granted a judgment on the issue of liability alone allowing the issue of damages remaining to be tried. The Beckham case is inapposite to the case •at bar and has no application.
 On the merits we believe that the trial Court was correct in granting the •summary judgment. Generally, in the .absence of counteraffidavits, it must be as•sumed that there is no dispute with regard to facts set forth in defendant’s affidavits •and other documents submitted to support the motion. See Goodart v. Maryland Casualty Company, 139 So.2d 567 (La.App.1962); Rushing v. Weyerhaeuser Company, 144 So.2d 420 (La.App.1962). Iiere-in defendant submitted an affidavit of the president of the defendant and the deposition of plaintiff. These do not bear out plaintiff’s contention that there is a material issue of fact in regard to the 18 items which the Court a qua included in the judgment. The items enumerated therein were necessary accessories for the operation of a towboat on the Mississippi River.
For the above reasons, the judgment of the trial Court is affirmed. Costs in this ■Court to be borne by plaintiff-appellant.
Affirmed.