279 So.2d 775 (1973)
Nathaniel E. ROACH, Jr., Individually, etc., et al.
v.
LIBERTY MUTUAL INSURANCE COMPANY et al.
No. 9363.
Court of Appeal of Louisiana, First Circuit.
May 29, 1973.
Rehearing Denied July 5, 1973.
Writ Refused August 31, 1973.
*776 Johnnie A. Jones, Baton Rouge, for appellants.
Robert A. Vandaworker, Baton Rouge, for appellees.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
Plaintiff appeals from a dismissal of his suit in tort upon a motion for summary judgment by defendants, Mrs. Dorothy McLaughlin, her alleged liability insurer, Liberty Mutual Insurance Company, and Dixie Leasing of New Orleans, Inc. We affirm.
This case arose out of an auto-truck collision which occurred on October 17, 1970, at about 9:15 p. m. on Avenue `H' near its intersection with Mills Avenue in the City of Baton Rouge. Plaintiff and his minor son were riding in their 1957 Chevrolet pick-up truck when it was struck in the left rear side by a 1971 Ford, owned by Dixie Leasing of New Orleans, Inc., leased to Dorothy McLaughlin, and being driven at the time by an unknown driver.
Plaintiff filed suit for his injuries and the injuries sustained by his minor son alleging negligence on the part of the unknown driver. His petition also asserted that the unknown operator was driving the vehicle with the express or implied permission of Dorothy McLaughlin. It was further alleged in the petition that Mrs. McLaughlin had either given the ignition key to the unknown driver or had negligently left the key in the ignition.
An answer was filed by the defendants denying all of plaintiff's allegations. Subsequent to answer a motion for summary judgment and peremptory exception of no cause of action were filed by defendants with an accompanying affidavit by Dorothy McLaughlin.
In her affidavit Mrs. McLaughlin states that she rented the Ford automobile from Dixie Leasing of New Orleans, Inc. and drove it to Baton Rouge, Louisiana, on October 16, 1970. She further states that while the vehicle was parked, unattended on Avenue L in Baton Rouge, it was taken without her permission by a person or persons unknown to her and was in their possession when the accident occurred. Mrs. McLaughlin does not know who was driving the car at the time of the accident. She was not in the car at the time of the accident and she did not witness the accident. She also states that whoever was driving the auto at the time did not have either her express or implied permission to use it.
Plaintiff filed an opposition to the motion for summary judgment stating that the material facts of the case did not appear of record, that defendants were not entitled to a summary judgment or to have the peremptory exception sustained, and that defendants should not be allowed to exculpate themselves from probable liability *777 by an ex parte affidavit contrary to the allegations of plaintiff's petition. No counter-affidavits, depositions or interrogatories were filed by plaintiff in opposition to the motion for summary judgment.
Subsequently, judgment was rendered by the district court on the motion for summary judgment dismissing plaintiff's suit with prejudice. From this judgment plaintiff has taken this devolutive appeal and asserts that the trial court erred in granting summary judgment in the face of the allegations contained in plaintiff's pleadings to the effect that Dorothy McLaughlin had consented to the use of the auto by the unknown driver. Plaintiff also contends that granting summary judgment in this case amounted to an unauthorized use of summary proceedings.
As we view the matter, the sole issue presented is whether or not the motion for summary judgment was appropriately granted.
Obviously the motion for summary judgment was based on the well established rule in Louisiana that the leaving of ignition keys in an unattended automobile does not of itself constitute negligence on the part of the owner and he owes no duty to the public at large against the risk of a thief's negligent operation of the automobile. Midkiff v. Watkins, 52 So.2d 573 (1st La.App.1951); Town of Jackson v. Mounger Motors, 98 So.2d 697 (1st La. App.1957); 22 La.L.Rev. 886-889 (1962). Even if a motorist leaves his vehicle unattended in violation of the so-called "lock statute" (L.R.S. 32:145), it has been held that he is nevertheless not responsible for the carelessness of a thief who steals the vehicle and while operating it causes injury to another. Call v. Huffman, 163 So.2d 397 (2nd La.App. 1964) writ refused, 246 La. 376, 164 So.2d 361 (1964); Berluchaux v. Employers Mutual of Wausau, 194 So.2d 463 (4th La.App.1967) writ refused, 250 La. 533, 197 So.2d 79 (1967).
In their answer defendants asserted that while the auto was left unattended by Dorothy McLaughlin it was stolen from her and while in the possession of the thief it was involved in the accident with plaintiff's truck. In her affidavit attached to the motion for summary judgment Dorothy McLaughlin states that while the auto was parked on Avenue L it was taken without her permission by some person or persons unknown to her.
It is clear that in the absence of a showing by plaintiff that whoever was operating the vehicle at the time of the accident was operating it with either the express or implied permission of Dorothy McLaughlin, there could be no recovery against any of the defendants.
Under La.C.C.P. Article 966 a motion for summary judgment may be granted only where there is clearly shown an absence of any genuine issue as to a material fact. The burden of showing an absence of any issue as to a material fact rests upon the party seeking the summary judgment and all doubts against the motion for summary judgment should be resolved against the mover and in favor of a full trial on the merits. Duplessis v. Hullinghorst, 255 So.2d 236 (1st La.App.1971).
The uncontradicted showing by the defendants in the instant case is that the vehicle was taken while it was parked unattended on Avenue L and the unknown driver acquired the auto without the permission of Mrs. McLaughlin. The facts shown by Mrs. McLaughlin's affidavit could have been contradicted or shown to be questionable by counter-affidavits, interrogatories or depositions. However, plaintiff did not choose to do so. It has been repeatedly held that in the absence of any counter-affidavits it must be assumed that there is no dispute with regard to the facts set forth in the defendant's affidavits. Johnson v. Combined Insurance Company of America, 158 So.2d 63 (1st La.App. 1963); Dean v. American Marine Corporation, 169 So.2d 572 (4th La.App. 1964); Joiner v. Lenee, 213 So.2d 136 (3rd La. App.1968) writs refused 252 La. 960, 215 So.2d 129 (1968).
*778 Plaintiff also contends that the ex parte and allegedly self-serving affidavit of Dorothy McLaughlin, a party-defendant, should not be allowed to serve as the basis for the grant of summary judgment. While this contention might be appropriate where subjective criteria, such as motive or intent are sought to be proved by ex parte affidavits, as in Roy and Roy v. Riddle, 187 So.2d 492 (3rd La.App.1966), writs refused 249 La. 724, 190 So.2d 236 (1966), the facts disclosed in the affidavit of defendant-McLaughlin in the instant case are not of this nature. This distinction was clearly made in the case of Thomas v. Otwell, 234 So.2d 475 (3rd La.App.1970), writs refused 256 La. 821, 239 So.2d 346 (1970) in which a summary judgment was upheld on the basis of ex parte affidavits which were attacked by the opponent to the motion for summary judgment as being self-serving but which were uncontradicted by counter-affidavits.
Plaintiff also argues that the facts as set forth in the pleadings establish that a genuine issue of material fact exists as to whether or not Mrs. McLaughlin gave the unknown driver permission to use the auto. In passing upon this contention we quote in part the pertinent provisions of La.C.C. P. Article 967 as follows:
* * * * * *
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." (Emphasis added)
Concerning this provision which was added to C.C.P. Article 967 by Act #36 of 1966, § 1, the official revision comments to C.C.P. Article 966 state:
"The amendments of these two articles were adopted to: (1) permit the trial judge to consider answers to interrogatories when deciding the motion for summary judgment; and (2) require the adverse party against whom a motion for summary judgment had been taken to file counter-affidavits, and not permit him to rely on the bare allegations of his pleading."
Under the above quoted provisions this court has recently held that the opponent to a motion for summary judgment cannot solely rely on the allegations or denials of his petition, but must file counter-vailing affidavits or give stated reasons why he cannot present facts by affidavit in support of his opposition to the motion. Miller v. East Ascension Telephone Company, 263 So.2d 360 (1st La.App.1972), writ refused 262 La. 1121, 266 So.2d 430 (1972).
Therefore, we conclude that the trial court properly granted summary judgment in the instant case, since the uncontroverted affidavit of defendant-McLaughlin clearly indicates there to be no genuine issue as to a material fact, so that defendants were entitled to a summary judgment as a matter of law. La.C.C.P. Article 966.
Plaintiff additionally contends that the summary judgment granted herein by the trial court amounted to an unauthorized use of summary proceedings under C.C.P. Article 2592. We find no merit in this contention.
Counsel for plaintiff has confused summary proceedings, provided for in C. C.P. Articles 2591 through 2596, with a motion for summary judgment, provided for in C.C.P. Articles 966 through 969. Summary proceedings are those which are conducted with rapidity, and they can be initiated without a petition, without citation, and without the usual delays applicable to ordinary proceedings. The rules governing the use of summary proceedings are inapplicable to motions for summary judgment. The instant matter was not conducted as a summary proceeding and it *779 appears from the record that the provisions of C.C.P. Articles 966 and 967, relating to motions for summary judgment, were complied with in this case.
Accordingly, for the above reasons, the judgment appealed from is affirmed at plaintiff's costs.
Affirmed.