367 So.2d 83 (1979)
Ricky DeCASTRO
v.
Roger BOYLAN et al.
No. 9713.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1979.
Rehearing Denied February 15, 1979.
Robert T. Garrity, Jr., New Orleans, Joseph J. Tosh, Gretna, for plaintiff-appellant.
Robert B. Nolan, New Orleans, for defendants-appellees.
Before STOULIG, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
On August 15, 1977 Louis Arzonico was driving a 1977 Chevrolet leased by his employer, Bernard Lumber Co. Inc., and owned by Genway Corporation, all defendants in this suit. He parked the car in front of a construction site and left the keys in the ignition and the car unlocked. The keys were left in the car, it is contended, so that it could be moved from in front of the work site in case other materials or laborers arrived.
The car was stolen shortly thereafter. Mr. Arzonico called the police and reported the theft. The car was seen on Airline Highway by Jefferson Parish Sheriff's deputies who entered into pursuit. Deputy Rickey DeCastro was ordered to set up a roadblock to intercept the vehicle. The alleged thief, John Boylan, tried to run the road block, crashed into Deputy DeCastro's vehicle and injured him. DeCastro filed suit against the alleged thief's father, Louis Arzonico, the employer of Louis Arzonico as well as the alleged owner and sub-lessor of the subject car.
The trial judge granted the defendants' motion for summary judgment holding that *84 "as a matter of law the solitary act of leaving a car unlocked with the keys inside cannot be the proximate cause of a subsequent tort committed by an unauthorized user of the vehicle." Plaintiff has appealed. We affirm.
"Obviously the motion for summary judgment was based on the well established rule in Louisiana that the leaving of ignition keys in an unattended automobile does not of itself constitute negligence on the part of the owner and he owes no duty to the public at large against the risk of a thief's negligent operation of the automobile. Midkiff v. Watkins, 52 So.2d 573 (1st La.App.1951); Town of Jackson v. Mounger Motors, 98 So.2d 697 (1st La.App.1957); 22 La.L.Rev. 886-889 (1962). Even if a motorist leaves his vehicle unattended in violation of the so-called "lock statute" (L.R.S. 32:145), it has been held that he is nevertheless not responsible for the carelessness of a thief who steals the vehicle and while operating it causes injury to another. Call v. Huffman, 163 So.2d 397 (2nd La.App. 1964) writ refused, 246 La. 376, 164 So.2d 361 (1964); Berluchaux v. Employers Mutual of Wausau, 194 So.2d 463 (4th La. App.1967) writ refused, 250 La. 533, 197 So.2d 79 (1967)."
Roach v. Liberty Mutual Ins. Co., 279 So.2d 775, 777 (La.App. 1st Cir. 1973) w. d. 281 So.2d 756; Duplessis v. NOPSI, 354 So.2d 768 (La.App. 4th Cir. 1978).
The application of a "duty-risk" standard to these facts would not change the result of this case. In Pierre v. Allstate Insurance Co., 242 So.2d 821 (La.1970), the Supreme Court applied the duty risk concept of tort responsibility. Under this approach it must be determined if the duty was designed to protect the plaintiff from the type of harm arising in this matter. See Crowe, The Anatomy of a Tort, 22 Loy.L.Rev. 903. The courts in the majority of jurisdictions which have statutes prohibiting the leaving of keys in unattended automobiles have construed the purpose of these laws to be the protection of automobile owners or as an aid to police officers. They have not held its purpose to be the protection of third parties from the negligent operations of thieves. See, Note, 22 La.L.Rev. 886 and cases cited therein. The purpose of the subject Louisiana statute appears to have been intended to prevent the theft of vehicles from the public streets and roadways. See Berluchaux and Call, cited supra in the Roach case.
We conclude that R.S. 32:145 does not go as far as to protect a plaintiff from being negligently injured by one who has stolen his car with the keys left in it. More specifically, with regard to the case at hand, we conclude that Arzonico's having left the keys in the ignition of his carparticularly in view of the fact that he had a legitimate reason for so doingshould not be regarded as a negligent act constituting the proximate cause of the plaintiff's injury.
For the foregoing reasons, the judgment below is affirmed.
AFFIRMED.