701 F.2d 438
 1984 A.M.C. 910
 Lena Giafaglione PALESTINA, In her own right and in her
capacity as administratrix/executrix of the Estate of Philip
P. Palestina, and in her capacity as natural tutrix of the
minor child, Carolyn Ann Palestina, Rose Palestina
Monteleone and Rose Ann Palestina Bauer, Plaintiffs-Appellees,
v.
August FERNANDEZ, et al., Defendants,
Vic Molero d/b/a Vic's Frozen Seafood, Defendant-Appellant.
 No. 81-3540.
 United States Court of Appeals,
Fifth Circuit.
 March 28, 1983.
 
 Glenn E. Diaz, Chalmette, La., for defendant-appellant.
 Frank W. Roccaforte, Raymond P. Augustin, Jr., New Orleans, La., for plaintiffs-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before WISDOM, RANDALL and TATE, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 This is an appeal from a judgment holding a boat owner liable for damages suffered in a collision between a vessel operated by the decedent and the owner's vessel negligently operated by a part-time employee after working hours. We reverse.
 
 
 2
 The surviving spouse and children of Philip Palestina brought this wrongful death action against August Fernandez and Vic Molero, d/b/a Vic's Frozen Seafood and Vic's Boat Rental, Inc., under the general maritime law. Fernandez, a part-time employee of Molero, worked as a gill fisherman, and on the day of the accident, October 24, 1976, went out on Molero's boats. After unloading the catch and completing his duties for the day, he decided to take one of Molero's vessels for a pleasure ride, although he did not have his employer's permission and had never operated the boat before. Fernandez drove the vessel, a 16-foot fiberglass sterncraft with a 120 horsepower inboard/outboard motor, in the left lane of the Shell Beach Canal in the direction of Lake Borgne, Louisiana. As he rounded a bend in the canal, he encountered Palestina's vessel, a 14 foot fiberglass open hull with a 40 horsepower motor, approaching him from the opposite direction. Fernandez's boat was riding bow high and down in the stern. To prevent a collision, Palestina steered his vessel to his right. Simultaneously, however, Fernandez maneuvered to his left, setting the vessels on a collision course. Palestina continued to steer to his right until the bow of his boat came to rest on the shore of the canal and the stern was at an angle about five feet from the bank. But his efforts to avoid a collision were unsuccessful, for shortly after he beached his boat Fernandez's vessel struck his stern, severing the engine and throwing Palestina ten feet into the marsh. Palestina died on November 25, 1976, from injuries sustained in the accident.
 
 
 3
 The case was tried without a jury in June 1981. The district court found that Fernandez violated the Rules of the Road by failing to travel in the proper lane, and that this negligence was the proximate cause of the accident resulting in Palestina's death. The trial court also concluded that Vic Molero was negligent, and based its theory of liability on the following:
 
 
 4
 Fernandez had access to the vessel because Molero left the vessel in the water at his dock with the keys in the ignition. The Court finds that defendant Vic Molero was negligent in failing to have the keys removed from the ignition since it was reasonably forseeable that a part-time employee, such as Fernandez, inexperienced in the operation of water craft, who knew the vessel was easily accessible and unfamiliar with the Rules of the Road, would operate the vessel without permission and cause a collision.
 
 
 5
 Only Molero challenges the district court's finding of negligence. The sole question we review on appeal, therefore, is whether the owner of a vessel who leaves a key in the ignition may be held accountable to third parties for any harm resulting from unauthorized use.
 
 
 6
 This case is within our admiralty jurisdiction because the collision occurred on the Shell Beach Canal, a navigable Louisiana waterway. See Foremost Insurance Co. v. Richardson, 1982, --- U.S. ----, 102 S.Ct. 2654, 73 L.Ed.2d 300. In all other respects, however, it is a garden variety state tort claim, and in such instances, where there is no uniform federal rule, "even though admiralty suits are governed by federal substantive and procedural law, courts applying maritime law may adopt state law by express or implied reference or by virtue of the interstitial nature of federal law." Baggett v. Richardson, 5 Cir.1973, 473 F.2d 863, 864 (quoting Alcoa Steamship Company v. Charles Ferran & Co., 5 Cir. 1967, 383 F.2d 46, 50, cert. denied, 1968, 393 U.S. 836, 89 S.Ct. 111, 21 L.Ed.2d 107). We conclude that this case is an appropriate one for applying the law of Louisiana.
 
 
 7
 No Louisiana court has addressed the question whether leaving a key in the ignition of a boat creates a forseeable risk of misuse sufficient to constitute negligence and the proximate cause of an accident. The cases are numerous, however, in the context of automobile accidents, and Louisiana courts have invariably relieved owners of liability. See, e.g., DeCastro v. Boylan, 367 So.2d 83, 84 (La.App. 4th Cir.1979), writ denied, 369 So.2d 458 (La.1979); Roach v. Liberty Mutual Ins. Co., 279 So.2d 775, 777 (La.App. 1st Cir.1973), writ denied, 281 So.2d 756 (La.1973); Town of Jackson v. Mounger Motors, 98 So.2d 697, 698-99 (La.App. 1st Cir.1957). Applying general principles of negligence, the cases have held that "the solitary act of leaving a car unlocked with the keys inside cannot be the proximate cause of a subsequent tort committed by an unauthorized user of the vehicle." DeCastro v. Boylan, 367 So.2d at 84. The reason is that "the leaving of ignition keys in an unattended automobile does not of itself constitute negligence on the part of the owner" because "he owes no duty to the public at large against the risk of a thief's negligent operation of the automobile" (emphasis added). Roach v. Liberty Mutual Ins. Co., 279 So.2d at 777.
 
 
 8
 The principle that an automobile owner may not be held liable solely because a key is left in the ignition applies with equal force to a boat owner. Leaving a boat unlocked, like leaving a car unlocked, is not the proximate cause of a subsequent collision; the proximate cause is the negligence of the unauthorized user. Here the district court found that "August Fernandez was negligent in the operation of his vessel and that this negligence was the proximate cause of the accident which resulted in Philip Palestina's death." It went on to find that Molero, too, had been negligent for failing to remove his keys because it was "reasonably foreseeable" that a part-time employee, such as Fernandez, would operate the vessel and cause a collision. We hold that the district court erred as a matter of law in finding Molero liable. There is no duty imposed by law on boat owners who leave keys in the ignitions of their vessels that would protect third parties from the negligent operation of unauthorized users. A failure to take every precaution against all foreseeable injury to another does not necessarily constitute negligence. Negligence requires that the risk involved be both foreseeable and unreasonable. See Turner v. Caddo Parish School Bd., 252 La. 810, 214 So.2d 153, 157 (La.1968). We are unable to agree with the trial judge that the collision which occurred in this case could have been foreseen by Molero. The defendant's deposition, admitted at trial, disclosed that he did not give Fernandez permission to use the boat on the date the accident occurred, and the district court so found. The court also noted that Fernandez had been aboard the vessel only three times while in Molero's employ, and that he had never been permitted to operate it. We conclude that Molero had no more reason to believe that Fernandez would take the boat without permission than that any other member of the public would borrow or steal the boat.
 
 
 9
 That Fernandez worked for Molero on a part-time basis is of no support to the plaintiff, because he was an unauthorized user on a personal mission. The boat was taken for a pleasure ride after working hours. It is axiomatic that an employer is not liable for the acts of an employee when those acts are undertaken outside the scope of employment. See e.g. Normand v. City of New Orleans, 363 So.2d 1220, 1222 (La.App. 4th Cir.1978); Tyndall v. United States, 1969, E.D.N.C., 306 F.Supp. 266, 268; Mider v. United States, 6 Cir.1963, 322 F.2d 193, 196-97. See generally Prosser, The Law of Torts Sec. 70 (4th ed. 1971).
 
 
 10
 Accordingly, the judgment of the district court holding the defendant, Vic Molero, d/b/a Vic's Frozen Seafood and Vic's Boat Rental, Inc., liable is REVERSED.