STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-444

STEVE BLANCHARD

VERSUS

MICHAEL J. MITCHELL, ET AL.

\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2015-1928
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret,
Judges.

WRIT DENIED.

Joseph B. Stamey
Stamey & Miller, L.L.C.
P. O. Drawer 1288
Natchitoches, LA 71458-1288
(318) 352-4559
COUNSEL FOR DEFENDANT/RESPONDENT:
    State Farm Mutual Automobile Insurance Company

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Renee Y. Roy**
**Roy & Scott, Attorneys at Law**
**107 North Washington Street**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Steve Blanchard**

**Wade A. Johnson**
**Law Office of Sheryl Story**
**One Galleria Blvd, Suite 1500**
**Metairie, LA 70001-7551**
**(504) 846-4110**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Robin Ewing Pool Supplies, Inc.**

**Mary K. Cryar**
**Coverage Litigation Group**
**One Galleria Blvd, Suite 1502**
**Metairie, LA 70001**
**(504) 846-4103**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Valley Forge Insurance Company**

**Jeffrey S. Ingram**
**2757 Highway 28 East**
**Pineville, LA  71360**
**(318) 484-3911**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **State Farm Mutual Automobile  Insurance Company**

**Michael J. Mitchell**
**In Proper Person**
**424 Faithway**
**Alexandria, LA 71302**
**COUNSEL FOR DEFENDANT/ RESPONDENT:**
    **Michael J. Mitchell**

**SAUNDERS, Judge.**

On June 26, 2014, Troy Rogers was acting within the course and scope of his employment with Relator, Robin Ewing Pool Supplies, Inc. ("Robin Ewing Pool Supplies") when he went to a customer's house to clean a swimming pool. Mr. Rogers drove a vehicle owned by Relator to get to the customer's home in Alexandria, Louisiana. When Mr. Rogers arrived at the customer's residence, he parked the vehicle on the street in front of the residence. Mr. Rogers left the keys in the vehicle during the twenty to twenty-five minutes that he was working on the customer's pool. While the vehicle was parked on the street, Michael Mitchell entered the vehicle and drove away in it. When Mr. Rogers heard the vehicle crank up, he ran after the vehicle and later reported it stolen. While Mr. Mitchell was driving the vehicle owed by Relator, he got into an accident with Plaintiff, Steve Blanchard. As a result of the accident, Plaintiff filed a personal injury lawsuit against his UM insurer, State Farm Mutual Automobile Insurance Company; Mr. Mitchell; and Relators herein (Robin Ewing Pool Supplies, and its UM insurer, Valley Forge Insurance). Relators filed a motion for summary judgment seeking dismissal of Plaintiff's claims against them. The trial court denied the motion for summary judgment, and Relators now seek review of that ruling.

## SUPERVISORY RELIEF

Since the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possible useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling. *Louviere v. Byers*, 526 So.2d 1253 (La.App. 3 Cir.), *writ denied*, 528 So.2d 153 (La.1988).

## ON THE MERITS

Relators assert that the trial court erred when it denied their motion for summary judgment. Relators contend that Plaintiff is attempting to have them held liable for the automobile accident at issue based on their violation of La.R.S. 32:145, which provides as follows:

> No person driving or in charge of any motor vehicle shall permit it to stand unattended without first stopping the motor, locking the ignition, removing the key, and effectively setting the brake thereon, and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

Relators maintain that Plaintiff takes the position that a violation of La.R.S. 32:145 constitutes a breach of duty owed to Plaintiff by Mr. Rogers (the employee of Relator, Robin Ewing Pool Supplies). However, Relators argue that Louisiana has rejected the doctrine of negligence per se. In that regard, Relators note the Louisiana Supreme Court has stated that "[t]he terminology 'negligence per se' has been rejected in Louisiana. The violation of a statute or regulation does not automatically, in and of itself, impose civil liability. Civil responsibility is imposed only if the act in violation of the statute is the legal cause of damage to another." *Faucheaux*, 615 So.2d at 292-93 (citation omitted). In the instant case, Relators assert that Mr. Rogers, who left the keys in the vehicle owned and insured by Relators, did not owe a duty to Plaintiff, and, alternatively, Relators argue that even if a duty was owed to Plaintiff, the duty did not encompass the risk that a thief would steal a vehicle and later become involved in an accident. In support of their position, Relators cite various cases, including *DeCastro v. Boylan*, 367 So.2d 83, 84 (La.App. 4 Cir.), *writ denied*, 369 So.2d 458 (La.1979) (citations omitted), wherein the fourth circuit held as follows:

> The courts in the majority of jurisdictions which have statutes prohibiting the leaving of keys in unattended automobiles have

2

construed the purpose of these laws to be the protection of automobile owners or as an aid to police officers. They have not held its purpose to be the protection of third parties from the negligent operations of thieves. The purpose of the subject Louisiana statute appears to have been intended to prevent the theft of vehicles from the public streets and roadways. We conclude that R.S. 32:145 does not go as far as to protect a plaintiff from being negligently injured by one who has stolen his car with the keys left in it.

In his opposition to the instant writ application, Plaintiff argues that the *DeCastro* decision is dated and that it does not appear to be in accord with the more modern trend of finding that it is foreseeable that a stolen vehicle may be used in a reckless manner thus causing injury to a third person. Plaintiff asserts that the court in *DeCastro,* 367 So.2d 83, incorrectly concluded that the duty owed under La.R.S. 32:145 does not extend to the victim of an accident caused by the driver of the stolen vehicle. According to Plaintiff, it is foreseeable that a person who is willing to steal a vehicle is going to drive it in a negligent manner in order to avoid being discovered or arrested. As such, Plaintiff maintains that the likelihood of an accident occurring increases after a vehicle is stolen. Further, Plaintiff maintains that it is contradictory to say that while the purpose of La.R.S. 32:145 is to prevent theft of a vehicle, the duty imposed by the statute does not extend to protect the foreseeable victim of an accident caused by the automobile thief.

We find that although the fourth circuit concluded in *DeCastro,* 367 So.2d 83, that La.R.S. 32:145 does not go as far as to protect a plaintiff from being negligently injured by one who has stolen a car, the *DeCastro* decision is not binding authority for this court. Rather, we find that Plaintiff has made compelling arguments in favor of a finding that the duty imposed by La.R.S. 32:145 extends to situations in which the keys are left in a vehicle and the vehicle is then stolen and driven recklessly by the thief who foreseeably causes injury to a third person.

We find that because Mr. Rogers acknowledges leaving the keys in the vehicle owned by Relator, Robin Ewing Pool Supplies, he did violate La.R.S. 32:145. We note that the Louisiana Supreme Court has held that "[c]ivil responsibility is imposed only if the act in violation of the statute is the legal cause of damage to another." *Faucheaux v. Terrebonne Consol. Gov't,* 615 So.2d 289, 292-93 (La. 1993). Accordingly, in the instant case, we find that Mr. Rogers' violation of La.R.S. 32:145 results in Relators (Mr. Rogers' employer and that employer's insurer) having civil liability for Plaintiff's damages only if that statutory violation can be deemed to be a legal cause of Plaintiff's damages. As noted by Plaintiff, the jurisprudence has held that "[c]ause-in-fact and legal cause are generally questions for the jury. The exception is when, under the uncontested facts, reasonable minds could not differ." *Nicholson v. Calcasieu Parish Police Jury*, 96-314, p. 6 (La.App. 3 Cir. 12/11/96), 685 So.2d 507, 511 (citation omitted). In the instant case, we find that the fact finder could reasonably conclude that Mr. Rogers' leaving the keys in the vehicle contributed to Plaintiff's accident to some extent.

For the foregoing reasons, we find that the trial court did not err in denying Relators' motion for summary judgment. Therefore, the instant writ application is denied.

**WRIT DENIED.** We find no error in the trial court's ruling.