STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0216

CRAIG AND SHEILA P. MILLS

VERSUS

LISA PECQUET HARELL, CAROL LEE GRIFFIN,
THOMAS FRANKLIN CARLSON, AND
DECOLORES ADOPTIONS INTERNATIONAL

Judgment Rendered: **MAY 1 1 2020**

* * * * *

On Appeal from the
19th Judicial District Court,
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 638781
The Honorable Todd W. Hernandez, Judge Presiding

* * * * *

| | |
|---|---|
| Jill L. Craft<br>Baton Rouge, Louisiana | Attorney for Plaintiffs/Appellants,<br>Craig and Sheila Mills |
| Christopher L. Whittington<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellee,<br>Lisa Pecquet Harell |

* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY AND CRAIN,[1] JJ.

Whipple, J. Concurs.

---

[1]     Justice Will Crain is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

**CRAIN, J.**

Craig and Sheila Mills appeal a summary judgment dismissing their claims against Lisa Pecquet Harell. We vacate and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The Millses are the adoptive parents of M, born to Carol Lee Griffin and Thomas Franklin Carlson in 2012. According to the record, Griffin and Carlson were homeless and met the Millses shortly before M's birth. Griffin and Carlson told the Millses they had been in contact with other couples about adopting the baby, but things had not worked out. Upon reaching an agreement to adopt, the Millses began providing financial support to Griffin and Carlson, which included payment for housing, food, medical expenses, and phones. The Millses also hired an attorney and began the legal adoption process. The Millses hired Harell, a lawyer and licensed social worker, to conduct the required home study, and remitted payment to DeColores Adoptions International. The private adoption was finalized in 2013.

The Millses allege that one year later, Griffin was again pregnant and contacted them about adopting M's biological sibling. The Millses claim they entered into an oral contract for the adoption and again began providing financial support to Griffin and Carlson. In the meantime, unbeknownst to the Millses, Griffin and Carlson contacted a California adoption agency to inquire about adoptive parents for the unborn baby. According to the Millses, the California agency then sent a referral to DeColores for an adoption evaluation and counseling for adoption of the baby by another Louisiana family. The Millses contend Harell and DeColores knew Griffin and Carlson were working with and receiving support from two different adoptive families, claiming the second family hired Harell and DeColores for assistance with the adoption. The Millses further allege that shortly before the baby's birth, Harell "secreted" Griffin from the hotel they were providing to an undisclosed location. The Millses claim they learned Griffin and Carlson did not

2

intend to honor their adoption agreement days before the baby was born. The baby was then placed with the second family.

The Millses instituted this suit for damages against Griffin, Carlson, Harell, and DeColores. Among their allegations, the Millses contend Griffin, Carlson, and Harell "engaged in an organized and repeated pattern of misleading potential adoptive parents . . . for monetary gain." They claim it should have been reasonably foreseeable to Harell that Griffin and Carlson would engage in "a bait and switch scheme," and proceed with the adoptive family that provided the most financial resources. The Millses seek damages for the defendants' alleged intentional and negligent actions related to the failed adoption.

Harell filed an exception of no cause of action, alleging the Millses' claims against her related to the 2014 adoption were based on her alleged actions as the lawyer for the competing adoptive family. She claimed the Millses' allegations were insufficient to state a cause of action against her as a lawyer working for an adversary, arguing any harm the Millses suffered was a by-product of Harell's successful efforts on behalf of her competing clients. The Millses countered that their petition stated a cause of action against Harell based on both negligence and intentional acts, arguing they alleged a breach of her duty to act as a reasonably competent adoptive professional, lawyer, and social worker who facilitates adoptions. The trial court denied the exception and both this court and the Louisiana Supreme Court denied applications for supervisory writs. *See Mills v. Harell*, 16-1223 (La. 10/17/16), 207 So. 3d 1065; *Mills v. Harell*, 16-0309 (La. App. 1 Cir. 5/31/16) (unpublished writ action).

Harell then filed exceptions of no right of action and prescription. Harell asserted the Millses could not assert a right of action for damages resulting from breach of an illegal contract, arguing the Millses' allegations of an adoption contract amounted to a judicial confession to a crime. Thus, Harell argued, the Millses were

3

precluded from recovery under the unclean hands doctrine. Harell further asserted she had no contractual relationship with the Millses in 2014, and that any 2012 contractual relationship expired by its own terms. In support, Harell submitted her own affidavit, which set forth her factual account of the events surrounding the 2012 and 2014 adoptions. The Millses opposed the exception and argued the affidavit contained conclusory and speculative statements, as well as hearsay, and should not be considered. The trial court denied the exceptions, stating in written reasons it had excluded certain paragraphs of the affidavit from consideration, and noting the issues Harell raised might be ripe for resolution by a motion for summary judgment.

The Millses then filed a motion to depose Harell, asserting that although Harell was a practicing attorney and licensed clinical social worker, she was not litigation counsel in the case and had not claimed she was legal counsel for the birth parents. The Millses argued the information they sought was not protected by the attorney-client privilege. Furthermore, they maintained there had been a global or at least partial waiver of the attorney-client privilege with the adoptive parents, pointing to the contents of the affidavit Harell submitted in connection with the exception of no right of action. Harell opposed the motion, arguing the Millses sought privileged information that was merely peripheral, cumulative, or speculative, for the purpose of harassment. Harell further argued the Millses had not established her deposition was justified under Louisiana Code of Evidence article 508, which generally prohibits issuing a subpoena to a lawyer to testify in a proceeding where the purpose is to ask the lawyer to reveal information about a client or former client obtained in the course of the representation. The Millses' motion to depose Harell was denied.

Harell then moved for summary judgment, seeking dismissal of the claims against her and, in support, submitted a second affidavit executed by her. The Millses sought to extend and reset discovery deadlines, arguing at a hearing on the

4

motion that "the main issue" was their inability to depose Harell. The trial court denied the motion, but provided that any motion to depose Harell pursuant to Article 508 must be filed within a provided timeframe. The Millses filed a second motion to depose Harell and opposed the motion for summary judgment, noting the outstanding motion to depose and arguing they had not had an adequate opportunity for discovery; however, while the Millses argued in their opposition that the hearing on the motion for summary judgment should be continued, they did not file a motion to continue the hearing.

The trial court granted the motion for summary judgment, stating in written reasons "that more than adequate time and discovery had transpired." After considering the parties' objections to the summary judgment evidence submitted by each side, the trial court found the Millses failed to establish they would be able to satisfy their burden of proving their claims of intentional misrepresentation, negligent misrepresentation, and intentional infliction of emotional distress. The Millses now appeal.

## DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. *In re Succession of Beard,* 13-1717 (La. App. 1 Cir. 6/6/14), 147 So. 3d 753, 759-60.

5

The burden of proof on the motion rests with the mover; however, if the mover will not bear the burden of proof at trial on the issue raised in the motion, the mover is not required to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover's burden is to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Upon doing so, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1).

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett,* 04-0806 (La. 6/25/04), 876 So. 2d 764,765 (*per curiam*); *Smith v. Our Lady of the Lake Hospital, Inc.,* 93-2512 (La. 7/5/94), 639 So. 2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines,* 876 So. 2d at 765-66; *Smith,* 639 So. 2d at 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. *Bryant v. Premium Food Concepts, Inc.,* 16-0770 (La. App. 1 Cir. 4/26/17), 220 So. 3d 79, 82, *writ denied,* 17-0873 (La. 9/29/17), 227 So. 3d 288.

The Millses argue summary judgment should not have been granted before they were allowed the opportunity to depose Harell, particularly where Harell submitted her own affidavits in support of her motion. The Millses argue Article 508 is not implicated simply because a deponent holds a law license. Rather, they contend, the article applies only when the lawyer being deposed or her representative is asked to reveal information about a client or former client obtained in the course

6

of representing the client. Harell counters that the trial court was within its discretion to hear the motion for summary judgment where the Millses failed to file a motion to continue. Harell additionally contends summary judgment was appropriate as the Millses failed to present evidence to establish they will be able to carry their burden of proof at trial.

Discovery serves the purpose of affording the parties a full and fair opportunity to obtain facts pertinent to litigation; discovering the true facts and compelling disclosure of these facts wherever they may be found; assisting litigants in preparing their cases for trial; narrowing and clarifying the basic issues between the parties; and facilitating and expediting the legal process by encouraging settlement or abandonment of less than meritorious claims. *Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.*, 13-1582 (La. 5/7/14), 144 So. 3d 1011, 1026. Discovery statutes are therefore liberally and broadly construed to ensure these objectives are met. *Id.*

The requirement that a summary judgment should be considered only after "adequate discovery" has been construed to mean that there is no absolute right to delay action on a motion for summary judgment until discovery is complete; rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claim. Unless a party shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. *Primeaux v. Best W. Plus Houma Inn*, 18-0841 (La. App. 1 Cir. 2/28/19), 274 So. 3d 20, 32. The mere claim by opponents to a motion for summary judgment that they do not have in their possession the facts and information necessary to counter the motion will not defeat the motion. *Ellis v. Louisiana Board of Ethics through State*, 17-0385 (La. App. 1 Cir. 11/1/17), 233 So. 3d 722, 727.

7

Under the particular facts and procedural circumstances of this case, we find consideration of the motion for summary judgment was premature. The record demonstrates that the Millses made efforts to obtain discovery relative to their allegations against Harell; however, Harell objected to discovery requests and to the Millses' request to depose her. Notwithstanding her objections to the Millses' requests, Harell then executed two separate affidavits, comprised of three and four pages respectively, in which she attested to facts surrounding her involvement in the 2012 adoption of M, and her involvement in the 2014 adoption of M's sibling. Harell offered those affidavits in support of her own position that the Millses' claims should be dismissed. In fact, Harell offered her affidavit in support of her motion for summary judgment to meet her burden of pointing out an absence of factual support for essential elements of the Millses' case.

After Harell filed her motion for summary judgment, the trial court denied the Millses' request for an extension of the discovery deadlines, but provided the Millses with a specific timeframe within which to file another motion to depose Harell. The Millses filed a motion to do so within the timeframe allowed, which was pending at the time the trial court considered the motion for summary judgment. In light of the detailed affidavits Harell executed and offered to support the dismissal of the Millses' claims, and, particularly, the affidavit Harell submitted in support of her motion for summary judgment, we find the motion to depose Harell should have been resolved prior to consideration of the motion for summary judgment. Because the motion to depose Harell was unresolved at the time the judgment on appeal was rendered, we do not express an opinion on its merits. Instead, we find the record before us is incomplete and the summary judgment was improvidently granted.

## CONCLUSION

The August 24, 2018 summary judgment granted by the trial court is vacated and this matter is remanded for further proceedings. Costs of this appeal are assessed to Lisa Pecquet Harell.

**VACATED AND REMANDED.**

9