# STATE OF LOUISIANA

# COURT OF APPEAL

JℰW

## FIRST CIRCUIT

\* \* \* \* \* \* \*

## 2019 CA 0675

## GLENN DAMOND

### VERSUS

## FRANK A. MARULLO III, PAUL A. BONIN, NICHOLAS STEPHEN BERGERON, JUDICIARY COURTS OF THE STATE OF LOUISIANA, FRANK A. MARULLO, JR., AND CITY OF NEW ORLEANS

JUDGMENT RENDERED: **JUN 2 2 2020**

\* \* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number 675084 • Section 24

The Honorable R. Michael Caldwell, Judge Presiding

\* \* \* \* \* \* \*

Glenn Damond
Baton Rouge, Louisiana

APPELLANT
PLAINTIFF—In Proper Person


Jeff Landry
*Attorney General*

David G. Sanders
*Assistant Attorney General*
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLEES
DEFENDANTS—Judge Frank A.
Marullo, Jr., Judge Paul Bonin,
and Frank A. Marullo, III


David M. Fink
Bernard L. Charbonnet, Jr.
New Orleans, Louisiana

ATTORNEYS FOR APPELLEE
DEFENDANT—Nicholas Stephen
Bergeron

\* \* \* \* \* \* \*

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

PMc: by JℰW
McClendon J. concurs in result reached by majority without reasons.
by JℰW
GH concurs without reasons.
Holdridge J.

**WELCH, J.**

The plaintiff, Glenn Damond, devolutively appeals the trial court's judgment sustaining a peremptory exception raising the objections of prescription and no cause of action on the basis of judicial immunity filed by the defendants—retired Orleans Parish Judge Frank A. Marullo, Jr., Orleans Parish Judge Paul A. Bonin, and Minute Clerk for the Criminal District Court of Orleans Parish Frank A. Marullo, III—and which dismissed all of the plaintiff's claims against those defendants, with prejudice. For the following reasons, we affirm.

## THE ALLEGATIONS OF THE PETITION

Mr. Damond filed this lawsuit on October 16, 2018, against retired Judge Marullo, Judge Bonin, Minute Clerk Marullo, Orleans Parish Assistant District Attorney ("ADA") Nicholas Stephen Bergeron, the Judiciary Courts of the State of Louisiana ("Judiciary Courts"), and the City of New Orleans ("City"). Mr. Damond alleged that the defendants engaged in a conspiracy to use fraudulent documents to deprive him of liberty, subject him to confinement and cruel and unusual punishment, and gain an unjust enrichment. Specifically, Mr. Damond alleged that he was arrested on October 27, 1996, and that on December 12, 1996, the City filed a "fraudulent document" titled a true bill of indictment and converted him "into a thing" by modifying his name to "DAMOND GLENN." Mr. Damond further alleged that he was coerced into signing a guilty plea on March 23, 1996, "another fraudulent document," that caused him to serve fourteen years and nine months in prison.

Mr. Damond claimed that on December 17, 1998, retired Judge Marullo, through the Judiciary Courts, "securitized" the fraudulent document and sold the "instrument" on the open stock market. Mr. Damond alleged that the "securitized bond" has a value of $52,270,000.00 and is being traded on the stock market "until the retirement of [defendant's] off book accounts."

2

Mr. Damond further alleged that on July 27, 2018, he submitted the foregoing information to Judge Bonin and ADA Bergeron to "correct," but that Judge Bonin, ADA Bergeron, and Minute Clerk Marullo "ignored the paperwork, disregarded it[,] and held [four] private meetings to destroy those documents." Based on his allegations, Mr. Damond claimed entitlement to damages.

## DEFENDANTS' EXCEPTIONS

On November 30, 2018, retired Judge Marullo, Judge Bonin, and Minute Clerk Marullo filed a peremptory exception raising the objection of prescription and the objection of no cause of action on the basis of judicial immunity. On December 26, 2018, ADA Bergeron filed a declinatory exception raising the objection of improper venue; a dilatory exception objecting to the nonconformity of the petition with the provisions of La. C.C.P. art 891, ambiguity, and vagueness; and a peremptory exception raising the objection of no cause of action on the basis of prosecutorial immunity. Mr. Damond opposed the defendants' exceptions.

## TRIAL COURT'S RULING AND THE APPEAL

The trial court heard the defendants' exceptions on February 11, 2019. Following the hearing, the trial court orally sustained the peremptory exception raising the objection of prescription and objection of no cause of action on the basis of judicial immunity relative to retired Judge Marullo, Judge Bonin, and Minute Clerk Marullo. The trial court signed a judgment in accordance with that ruling on March 6, 2019. On March 11, 2019, Mr. Damond filed a motion to devolutively appeal the trial court's March 6, 2019 judgment, which the trial court granted in an order of appeal signed on March 13, 2019.

Also following the February 11, 2019 hearing, the trial court orally sustained the peremptory exception raising the objection of no cause of action on the basis of prosecutorial immunity relative to ADA Bergeron. The trial court thereafter signed a judgment on April 8, 2019, sustaining the peremptory exception raising

3

the objection of no cause of action on the basis of prosecutorial immunity relative to ADA Bergeron and ruling that his objections of improper venue, nonconformity, vagueness, and ambiguity were moot.

However, jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order for a devolutive appeal. La. C.C.P. art. 2088(A). Further, an appellate court not only has an independent duty to consider whether it has subject matter jurisdiction over the matter, but also has the sole authority to determine whether an appeal is properly before it once the trial court's jurisdiction has been divested. **Hernandez v. Excel Contractors, Inc.**, 2018-1091 (La. App. 1st Cir. 3/13/19), 275 So. 3d 278, 284. Once the jurisdiction of the trial court is divested, the appellate court alone may determine whether an appeal is properly before it. This right in the appellate court rests solely within the power and jurisdiction of the appellate court by virtue of its supervisory jurisdiction over the lower tribunal. **Gros v. STMG Lapeyre, LLC**, 2014-0848 (La. App. 1st Cir. 5/6/15), 2015 WL 2169680, at *3 (unpublished).

Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter which is at the time reviewable under the appeal. **Hernandez**, 275 So. 3d at 283; see also La. C.C.P. art. 2088. Although the trial court may still correct any misstatements, irregularities or informalities, or omission of the trial record as provided in La. C.C.P. art. 2132, there is no authority for a trial court to correct a judgment after it is divested of jurisdiction. **Costanza v. Snap-On Tools**, 2013-0332, 2013-0333 (La. App. 1st Cir. 3/5/14), 2014 WL 886021, at *4 (unpublished). Thus, even when an appellate court ultimately determines that it lacks appellate jurisdiction, jurisdiction over the issues and the parties included in that judgment is divested

4

from the trial court upon the signing of the order of appeal. **Hernandez,** 275 So. 3d at 283-84.

Herein, Mr. Damond sought and was granted a devolutive appeal from the trial court's March 6, 2019 judgment, which included a ruling on Mr. Damond's claims relative to retired Judge Marullo, Judge Bonin, and Minute Clerk Marullo. The March 6, 2019 judgment appealed from specifically excluded any ruling relative to Mr. Damond's claims against ADA Bergeron. Accordingly, the trial court retained jurisdiction over Mr. Damond's claims against ADA Bergeron pursuant to La. C.C.P. art. 2088. Therefore, the April 8, 2019 judgment sustaining the peremptory exception raising the objection of no cause of action on the basis of prosecutorial immunity relative to ADA Bergeron rendered by the trial court subsequent to the granting of the March 13, 2019 order of appeal is not a nullity.

However, the April 8, 2019 judgment sustaining ADA Bergeron's exception and dismissing Mr. Damond's claims against him is not before us in this appeal. The record does not indicate when notice of that judgment was mailed. Mr. Damond did not file a motion to appeal the April 8, 2019 judgment. When an appellant fails to timely appeal a final judgment, the judgment acquires the authority of a thing adjudged, and a court of appeal has no jurisdiction to alter the judgment. **Salvador v. Main St. Family Pharmacy, L.L.C.,** 2017-1757 (La. App. 1st Cir. 6/4/18), 251 So. 3d 1107, 1114. Lacking jurisdiction to review the April 8, 2019 judgment, we do not consider any assignment of error, any brief, or the answer to the appeal directed to the April 8, 2019 judgment.

## PRESCRIPTION

Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Mr. Damond's claims comprise a delictual action that is subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. See La. C.C. art. 3492.

5

Appellate review applicable to a peremptory exception depends on the manner in which the exception is heard. Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition. La. C.C.P. art. 931; **Shannon v. Vannoy**, 2017-1722 (La. App. 1st Cir. 6/1/18), 251 So. 3d 442, 448. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. **Shannon**, 251 So. 3d at 448-49. When evidence is received at the trial of the exception, the appellate court reviews the trial court's factual findings under the manifest error-clearly wrong standard. **Shannon**, 251 So. 3d at 449. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference. **Shannon**, 251 So. 3d at 449. In this matter, no evidence was introduced at the hearing on the exception. Accordingly, we accept as true the facts alleged in the petition and apply the *de novo* standard to our review of the trial court's legal conclusions.

All of Mr. Damond's claims against retired Judge Marullo stem from events that he alleged occurred in 1996 and 1998: his criminal indictment, coercion into pleading guilty, and the securitization of a "fraudulent document." Mr. Damond does not specify the date or dates when Judge Bonin and Minute Clerk Marullo allegedly acted, only that Mr. Damond filed "paperwork" on July 27, 2018. As delictual actions are subject to a prescriptive period of one year, these claims against retired Judge Marullo are clearly prescribed on the face of Mr. Damond's petition that was filed on October 16, 2018.

Ordinarily, the party urging prescription bears the burden of proving such at the trial of the exception; however, if the petition is facially prescribed, as in this matter, the burden shifts to the plaintiff to show his action is not prescribed. **Quinn v. Louisiana Citizens Property Insurance Corp.**, 2012-0152 (La.

11/2/12), 118 So. 3d 1011, 1017. Mr. Damond did not submit any argument or evidence to the trial court to satisfy this burden of proof. Therefore, the trial court properly sustained the peremptory exception raising the objection of prescription.

## NO CAUSE OF ACTION

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. **Scheffler v. Adams and Reese, LLP**, 2006-1774 (La. 2/22/07), 950 So. 2d 641, 646. The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. **Scheffler**, 950 So. 2d at 646. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pled facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Scheffler**, 950 So. 2d at 646.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. **Scheffler**, 950 So. 2d at 646-47. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on an exception of no cause of action is *de novo*. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. **Scheffler**, 950 So. 2d at 646-47. A peremptory exception raising the objection of no cause of action is a proper

7

procedural vehicle to raise judicial immunity defenses. See, *e.g.*, **Allen v. Childress**, 2014-0879 (La. App. 1st Cir. 12/23/14), 2014 WL 7332289 (unpublished).

## JUDICIAL IMMUNITY

On appeal, Mr. Damond maintains that retired Judge Marullo, Judge Bonin, and Minute Clerk Marullo are not immune for their actions committed in a purely administrative, non-judicial capacity. Mr. Damond implies that the allegations of his petition allege facts that support a finding that the defendants acted outside their official capacities.

The doctrine of judicial immunity developed at common law as a shield intended to protect judges from civil suits for damages for actions taken in their judicial capacity. **Palowsky v. Campbell**, 2016-1221 (La. App. 1st Cir. 4/11/18), 249 So. 3d 945, 954, certs. granted, 2018-1105, 2018-1115 (La. 12/3/18), 274 So. 3d 569, 569, aff'd in part, rev'd in part, 2018-1105 (La. 6/26/19), 285 So. 3d 466, cert. denied sub nom., **Winters v. Palowsky**, ___ U.S. ___, ___ S. Ct. ___ (2020), 2020 WL 1496657 (reversal in part not based on the cited language). A long line of United States Supreme Court cases acknowledge that, generally, a judge is immune from a suit for money damages. **Mireles v. Waco**, 502 U.S. 9, 9-10, 112 S. Ct. 286, 287, 116 L.Ed. 2d 9 (1991) (citations omitted). Courts have consistently held that judicial immunity is an immunity from suit, not just the ultimate assessment of damages. **Mireles**, 502 U.S. at 11, 112 S. Ct. at 288. The doctrine of judicial immunity provides judges with absolute immunity from liability for acts done in their judicial capacities. **Ellis v. Louisiana Bd. of Ethics through State**, 2017-0385 (La. App. 1st Cir. 11/1/17), 233 So. 3d 722, 728.

In **Pierson v. Ray**, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), the Supreme Court stated that judicial immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or

benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence without fear of consequences. **Pierson**, 386 U.S. at 554, 87 S. Ct. at 1218. It is a judge's duty to decide all cases within his jurisdiction that are brought before him. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation. **Pierson**, 386 U.S. at 554, 87 S. Ct. at 1218.

There are only two circumstances under which judicial immunity may be overcome. First, as Mr. Damond noted, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. **Mireles**, 502 U.S. at 11-12, 112 S. Ct. at 288. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. **Mireles**, 502 U.S. at 11, 112 S. Ct. at 288. Whether an act by a judge is a "judicial" one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. **Mireles**, 502 U.S. at 12, 112 S. Ct. at 288; see, *e.g.*, **Palowsky v. Campbell**, 2018-1105 (La. 6/26/19), 285 So. 3d 466, 467, cert. denied sub nom., **Winters v. Palowsky**, ___ U.S. ___, ___ S. Ct. ___ (2020), 2020 WL 1496657 (The Louisiana Supreme Court ruled that the plaintiffs' allegations regarding the district court judges' supervision and investigation of a law clerk's activities arose in the context of the judges' administrative functions, rather than in the course of their judicial or adjudicative capacities.).

After a careful review of the petition, we conclude that all of the specific allegations made by Mr. Damond involve action and inaction by retired Judge Marullo and Judge Bonin in their official capacities. Presiding over proceedings, such a guilty plea colloquy, were actions uniquely within the providence of retired Judge Marullo's duty to decide cases within his jurisdiction that were brought before him. Likewise, Mr. Damond's allegation that Judge Bonin failed to act on his "paperwork" is within the ambit of Judge Bonin's immunity since an omission of judicial action is likewise conduct within Judge Bonin's official capacity.

As to Mr. Damond's specific allegations against Minute Clerk Marullo, we similarly find that he avers facts that show Minute Clerk Marullo was performing a judicial function with an integral relationship to the judicial process. His presence at court proceedings and the allegations that he ignored Mr. Damond's "paperwork" and held meetings with Judge Bonin and ADA Bergeron regarding Mr. Damond's documents are insufficient to place Minute Clerk Marullo outside the ambit of immunity. As a lower clerk official, the trial court correctly determined that Minute Clerk Marullo was absolutely immune from lawsuit. See **Johnson v. Foti**, 583 So. 2d 1210, 1212 (La. App. 4th Cir. 1991).

Absent an allegation that retired Judge Marullo, Judge Bonin, and Minute Clerk Marullo acted outside their judicial capacities or jurisdiction, we conclude that the trial court correctly sustained the peremptory exception raising the objection of no cause of action on the basis of judicial immunity.

### DECREE

For these reasons, the trial court's March 6, 2019 judgment sustaining the peremptory exception raising the objection of prescription and objection of no cause of action on the basis of judicial immunity filed by retired Orleans Parish Judge Frank A. Marullo, Jr., Orleans Parish Judge Paul A. Bonin, and Minute Clerk for the Criminal District Court of Orleans Parish Frank A. Marullo, III, and

which dismissed all of Glenn Damond's claims against those defendants, with prejudice, is hereby affirmed. Appeal costs are assessed against the plaintiff-appellant, Glenn Damond.

**AFFIRMED.**